```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

ANDRE BRITTON

                              Plaintiff,

                                                              07-CV-6506(T)

                              v.                      **DECISION**
                                                           **and ORDER**

THE GLEASON WORKS, MATTHEW CIHAN,
RICHARD THORNTON, ALICIA KALEN, WILLIAM D'ANGELO,
LUCINDA GAMBLE, NANCI MALIN-PECK, individually and
in their official capacities,

                              Defendants.
_____

## INTRODUCTION

Plaintiff Andre Britton, ("plaintiff"), a former employee of defendant Gleason Works ("Gleason"), brings this action pursuant to New York State Executive Law § 296 ("Human Rights Law"), 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000 ("Title VII"), claiming that the defendants deliberately and intentionally discriminated against him both individually and collectively, on account of his race and gender. Plaintiff also claims that defendants subjected him to a hostile work environment and unlawfully terminated him based on his gender and race.

Defendants move to dismiss plaintiff's Human Rights Law claim, on grounds that plaintiff has chosen to pursue that claim administratively, and therefore, may not proceed with that claim in this court. Defendants also move to dismiss plaintiff's Section 1981 claim and two causes of action set forth in plaintiff's original complaint for failure to state a claim. The individual

defendants move to dismiss plaintiff's Title VII claims against them on the grounds that they cannot be held individually liable under Title VII and defendant Gleason moves to dismiss plaintiff's race discrimination claim on grounds that plaintiff has failed to state a claim for relief.

For the reasons set forth below, I grant in-part and deny in-part defendants' motion to dismiss.

## BACKGROUND

Plaintiff Andre Britton was an employee of defendant Gleason Works from March of 2006 until he was allegedly unlawfully terminated on May 26, 2006 for complaining of sexual harassment and race discrimination. According to the amended complaint, while employed at Gleason Works, plaintiff was subjected to crude and vulgar sexual comments made by defendant Richard Thornton, plaintiff's supervisor. According to Britton, Thornton made unwanted sexual advances towards him and tried to touch him in inappropriate ways. Plaintiff alleges that management was aware of the sexual harassment and that Thornton's supervisor, defendant William D'Angelo, even participated in the harassment by making inappropriate comments in reference to the harassment.

According to the amended complaint, on one occasion Thornton made a particularly vulgar comment to Britton, which prompted Britton to contact the Human Resources of Gleason to complain about the harassment. Plaintiff spoke to Lucinda Gamble, a Human Resources employee, and Gamble advised plaintiff to talk to

defendant Alicia Kalen, another Human Resources employee. After speaking with Kalen, plaintiff was called into the office by defendant Matt Cihan, plaintiff's general supervisor. Plaintiff claims that Cihan appeared to condone and excuse Thornton's behavior because it was allegedly common knowledge that Thornton had harassed the plaintiff as well as other male employees in the past. Thornton was present during plaintiff's meeting with Cihan, and plaintiff claims that he was forced to make his complaints about Thornton with Thornton present. After plaintiff voiced his complaints, Thornton allegedly admitted to making sexually offensive comments. After the meeting, plaintiff claims that he was forced to work with Thornton for the rest of his shift and thereafter. Plaintiff claims that had he been a white woman, instead of a black man, he would not have had to voice his complaints of harassment in the presence of Thornton, nor would he have been forced to continue to work with Thornton.

Plaintiff claims that his complaints regarding Thornton were not kept confidential, and that once his co-workers became aware of his complaints, he was ostracized by them. Thereafter, during a roundtable discussion with Nanci Malin-Peck, a Human Resources employee, plaintiff allegedly tried to talk about the situation but was prevented from doing so, and was told to talk to Malin-Peck after the meeting. Plaintiff then spoke with Malin-Peck and complained that his complaints were not kept confidential and that he felt he was being retaliated against. Malin-Peck then allegedly

failed to take any action, and instead referred plaintiff back to defendant Kalen.

Plaintiff contends that on April 24, 2006, he was taken out of work for two weeks by his doctor due to anxiety and depression resulting from his allegedly hostile work environment.  From the time he was taken out of work until the time he was terminated, plaintiff alleges that he tried to contact Human Resources about his disability status, but contends that most of his calls went unanswered. In May 2006, plaintiff received a letter from defendant Kalen inquiring about his work status, to which he responded by calling Kalen and telling her that his work status had not changed. Plaintiff told Kalen that he had another doctor's appointment on May 19, 2006 and that after that appointment, he would forward to her an updated report from his doctor.  However, on May 26, 2006, plaintiff was terminated from his employment at Gleason for allegedly abandoning his employment.  Plaintiff claims that he was terminated in retaliation for complaining about sexual harassment and complaining that he was being treated differently because of his race and gender.

**DISCUSSION**

I. **Legal Standards for Evaluating a Motion to Dismiss**

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that plaintiff has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must

ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993). The court may grant a Rule 12(b)(6) motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Allen v. WestPoint-Pepperell, Inc., 945 F. 2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, a plaintiff is not required to present evidence in support of its complaint in order to survive dismissal. See Weisman v. LeLandais, 532 F.3d 308, 310-311 (2d Cir. 1976).

## II. **Plaintiff has properly filed an amended complaint and the motion to dismiss the omitted causes of action is moot.**

In addition to filing opposition papers to the defendant's motion to dismiss, the plaintiff also filed an amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Because a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a), I find that the plaintiff's amended complaint is properly before the Court. See Barbara v. New York Stock Exch., Inc., 99 F.3d 49,56 (2d Cir.1996).

Plaintiff's amended complaint omits two causes of action that were pled in the original complaint and which were the subject of

defendants' motion to dismiss. Specifically, plaintiff has withdrawn claims under Section 40-c of the New York State Human Rights Law, and a City of Rochester, New York ordinance prohibiting discrimination. Because plaintiff has withdrawn both causes of action, I deny defendant's motion to dismiss these causes of action as moot.

### III. Plaintiff's election of remedies has been annulled and his New York State Human Rights claims may proceed in this action.

New York Executive Law §297(9) authorizes the filing of a cause of action in court by any person claiming to be aggrieved by an unlawful discriminatory practice. See N.Y. Exec. Law §297. This right is waived if the claimant files a complaint with any state or local human rights commission unless: (1) the agency has dismissed the complaint for administrative convenience; (2) there is untimeliness on the part of the agency; or (3) the claimant's election of an administrative remedy is annulled. See Id. To annul a claimant's election of remedies, the claimant may request that the investigating agency dismiss the complaint so that he or she may pursue the human rights law claim in court. See Harrison v. New York City Off-Track Betting Corp., 107 F.Supp.2d 455 (S.D.N.Y. 2000). Upon such a request, the Division may dismiss the complaint on the grounds that such person's election of an administrative remedy is annulled. See Id.

In the instant case, plaintiff filed an administrative complaint of discrimination with the New York State Division of

Human Rights ("the Division") against Gleason and Thornton. By letter dated September 20, 2007, plaintiff requested that the administrative charge pending before the Division be dismissed for administrative convenience.  On February 28, 2008, the Division issued an order dismissing plaintiff's administrative charge for administrative convenience.  Because plaintiff's administrative proceedings have  been dismissed, I find that plaintiff's election of remedy has been properly annulled.  I therefore deny defendants' motion to dismiss the Human Rights Law claim.

**IV.  Plaintiff has failed to state a claim of race discrimination or retaliation under Section 1981.**

"In order to survive a motion to dismiss [a Section 1981 claim], the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." Yusuf v. Vassar College, 35 F.3d 709 (2d Cir. N.Y. 1994). Furthermore, a complaint consisting of nothing more than "naked assertions, and setting forth no facts upon which a court could find a violation of the civil rights acts, fails to state a claim under Fed. R. Civ. P. 12(b)(6)." Id.

Plaintiff does not dispute the fact that he has failed to state a cause of action recognized under Section 1981. Plaintiff's allegations in his amended complaint relate solely to his dissatisfaction with the manner in which his sexual harassment complaint was handled, claiming that his employer responded

differently to his complaint because of his race. However, plaintiff has offered no evidence in his amended complaint or opposition to defendant's motion to support his claim that the alleged differential treatment resulted from a race-based animus, and has failed to allege any facts that would establish intentional race discrimination. Plaintiff relies on only "naked assertions," such as the claim that if he had been a "white female," his report of sexual harassment would have been handled differently. See Yusuf, 35 F.3d at 709. I find that because plaintiff has failed to allege facts sufficient to support a Section 1981 claim, he has failed to state a claim upon which relief can be granted. I therefore grant defendant's motion to dismiss plaintiff's Section 1981 claims without prejudice.

Similarly, plaintiff has failed to state a claim of retaliation under Section 1981. To establish a claim of retaliation under Section 1981, "the retaliation must have been in response to the claimant's assertion of rights that were protected under Section 1981." Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d Cir. 1998). Plaintiff's amended complaint contains no allegations that plaintiff engaged in any activity protected under Section 1981. Plaintiff only makes assertions in his amended complaint of the alleged racial disparity in the handling of his sexual harassment complaint. Because plaintiff has failed to allege that he engaged in a protected activity, plaintiff has failed to sufficiently allege that he was subjected to unlawful

retaliation. Accordingly, I dismiss this cause of action without prejudice against all defendants.

### **V. Plaintiff has failed to state a claim under Title VII against the individual defendants and has failed to state a claim of race discrimination against Gleason.**

It is well settled that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII". <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1313 (2d Cir. 1995). Accordingly, I grant defendants' motion to dismiss plaintiff's Title VII claims against defendants Cihan, Thornton, Kalen, D'Angelo, Gamble, and Malin-Peck.

To state a claim of intentional race discrimination under Title VII, a plaintiff must allege "a modicum of facts regarding the adverse action and the disparate treatment involved." <u>Watts v. Servs. for the Underserved</u>, 2007 U.S. Dist. LEXIS 41209, *8 (E.D.N.Y. 2007). Plaintiff however, has failed to allege that Gleason intentionally discriminated against him based on his race. Plaintiff's sole allegation related to his race is that "he felt his complaints were handled different [sic] because he was black." However, claims by plaintiffs that "do not state any details about an adverse employment action but merely assert the conclusion that they were discriminated against" fail to meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure. <u>Watts</u>, 2007 U.S. Dist. LEXIS 41209 at *9. Having failed to satisfy a necessary prerequisite to suit under Title VII, plaintiff cannot state a claim of retaliation against Gleason under Title VII.

I therefore find that plaintiff has failed to state a claim of race discrimination against Gleason and grant defendant's motion to dismiss plaintiff's claim of intentional race discrimination against Gleason without prejudice.

## **CONCLUSION**

For the reasons set forth above, I grant defendant's motion to dismiss plaintiff's Section 1981 claims and plaintiff's Title VII claims, against the individual defendants. I further grant defendant Gleason's motion to dismiss plaintiff's claims of racial discrimination under Title VII. I deny defendants' motion to dismiss plaintiff's Human Rights Law claim, and deny as moot defendants' motion to dismiss plaintiff's New York State Civil Rights Law claim, and plaintiff's claim pursuant to the City of Rochester, New York ordinance prohibiting discrimination.

ALL OF THE ABOVE IS SO ORDERED.

             s/Michael A. Telesca
            MICHAEL A. TELESCA
            United States District Judge

Dated: Rochester, New York
     August 8, 2008